UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUTH DARLING

        Plaintiff,                           Case No. 1:14-CV-0660

v.                                           HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY

        Defendant,
_____/

## OPINION

This is a social security action brought under 42 U.S.C. §§ 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Ruth Darling seeks review of the Commissioner's decision denying her claim for disability benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide

questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was born on December 30, 1966. (A.R. 355). She was 45 years old on the date of the Administrative Law Judge's (ALJ) decision. (A.R. 67). She obtained a GED and previously worked as a child monitor, sales attendant, inspector/packager, driver, and dispatcher. (A.R. 69, 118-19). Plaintiff applied for DIB on June 17, 2008 and later filed a separate application

for DIB and SSI on June 30, 2011 complaining of herniated discs, a degenerative disc, chronic migraines, and diverticulitis. (A.R. 403). The June 17, 2008 application was denied by the Commissioner on November 14, 2008, and an ALJ also found plaintiff not to be disabled. (A.R. 181-94, 232). The Social Security Appeals Council, however, remanded the case and ordered it consolidated with plaintiff's June 30, 2011 applications. (A.R. 37, 197). On August 15, 2012 plaintiff appeared with her counsel before ALJ Janet Alaga-Gadigian for an administrative hearing during which both plaintiff and Rich Riedel, a vocational expert (VE), testified. (A.R. 61). On October 12, 2012, the ALJ rendered her opinion which determined plaintiff was not disabled under the Social Security Act. (A.R. 34). The Appeals Council declined to review the ALJ's determination on May 2, 2014, making it the Commissioner's final decision (A.R. 1). Plaintiff thereafter initiated this action.

## ALJ'S DECISION

A claimant must prove that she suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). To aid ALJs in applying the above standard, the Commissioner of Social Security has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five step sequential process" for claims of disability. First [a] plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, [a] plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which

"significantly limits . . . physical or mental ability to do basic work activities." Third, if [a] plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, [a] plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, [a] plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that [the] plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted); *see also* 20 C.F.R. §§ 404.1520(a-f).

The plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

The ALJ determined plaintiff's claim failed at the fifth step of the evaluation. The ALJ initially found that plaintiff had not engaged in substantial gainful activity since May 30, 2006, the plaintiff's alleged onset date. (A.R. 39). Second, the ALJ determined that plaintiff had several severe impairments.[1] (A.R. 40). Third, the ALJ considered whether plaintiff met a listed impairment and found that plaintiff did not have an impairment or combination of impairments that met or

---

[1] These include: (1) obesity; (2) degenerative disc disease of the lumbar spine; (3) lumbar facet syndrome/stenosis; (4) mild retrolisthesis L5 on S1; (5) lumbar radiculitis; (6) left foot drop; (7) decreased sensation of the lower extremities; (8) sacroiliitis; (9) hip bursitis; (10) diverticulosis; (11) diabetes mellitus; (12) REM Behavioral Disorder; (13) Major Depressive Disorder; (14) Anxiety Disorder; (15) Panic Disorder; (16) Posttraumatic Stress Disorder; (17) Hyperthyroidism and Hypothyroid Disorders; (18) Migraines and Stress Headaches; and (19) Panic. (A.R. 40)

equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (A.R. 40-42).

At the fourth step, the ALJ considered plaintiff's residual functional capacity (RFC) and determined that:

> claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant must be afforded the option to alternate between sitting and standing positions at will. The claimant can frequently lift, carry, push and crawl, but can never operate foot controls with her lower extremities.  She can never crawl or climb ladders, ropes or scaffolds, but can occasionally balance, stoop, crouch, kneel and climb ramps or stairs.  The claimant can frequently feel and reach, to include overhead reaching.  She must avoid exposure to hazardous machinery and unprotected heights.  She is limited to work comprised only of unskilled jobs as defined by the DOT with SVP levels of 1 or 2, with simple, routine tasks that can be learned in approximately 30 days involving no more than simple work-related decisions with few workplace changes.  The claimant is limited to jobs which involve only occasion[al] interaction with co-workers and supervisors, but consist of no interaction with the general public.

(A.R. 42).

Continuing with step four, the ALJ determined that plaintiff was unable to perform any past relevant work. (A.R. 51).

At the fifth step, the ALJ used the VE's testimony from the administrative hearing to determine whether a significant number of jobs exist in the economy which plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that there existed approximately 5,100 regional jobs (defined as the lower peninsula in the State of Michigan) which a person with plaintiff's RFC could perform, such limitations notwithstanding (A.R. 52, 121-22). The VE testified that this work included jobs as a production inspector, bench assembler, and office helper. (A.R. 121-22).  This represents a significant number of jobs. *See Hall v.* Bowen, 837 F.2d

272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988).

Thus, following the five steps, the ALJ determined plaintiff was not disabled within the meaning of the Act.

## ANALYSIS

**A.  Plaintiff's Issues for Appeal.**

Plaintiff's statement of errors presents the following three claims.

1.  The ALJ's RFC Omitted Limitations the ALJ Herself Found.

2.  The ALJ Gave Insufficient Reasons to Reject Treator Grzesak's Opinion.

3.  The ALJ Gave Insufficient Reasons to Reject Plaintiff's Complaints.

(Dkt. #13, PageID 996). In a footnote, plaintiff adds that by complaints, she means "reported symptoms and limitations." (*Id.* ). The Court will address each issue in turn.

**B.  Discussion**

*1.  The ALJ Found, at Step 3, that Plaintiff Had Moderate Limitations in Concentration, Persistence and Pace. The ALJ Did Not Err at Step 4, by Failing to Mention Those Limitations in the RFC Determination.*

Plaintiff contends that the ALJ erred because although she determined at step three that plaintiff had "moderate" limitations in maintaining concentration, persistence or pace, the ALJ did not include these limitations in plaintiff's RFC. RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of her medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the

physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).

Plaintiff is not challenging the ALJ's finding that she did not meet or equal the requirements of any listed impairment. Rather, she is attempting to take a portion of the ALJ's finding with regard to the paragraph B criteria at step three out of context and substitute it for the ALJ's factual finding at step four that plaintiff retained a RFC which involved unskilled jobs with simple routine tasks involving no more than simple work-related decisions. (A.R. 42). It is well established, however, that the paragraph B criteria used in determining whether a claimant meets or equals a listed impairment "are not an RFC assessment." See Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96–8p (reprinted at 1996 WL 374184, at * 4 (SSA July 2, 1996)). RFC is a more detailed assessment made by "itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorder listings in 12.00 or the Listing of Impairments." *Id.* at *4; *see also Collier v. Commissioner*, No. 1:11–cv–1144, 2013 WL 4539631, at *5–6 (W.D.Mich. Aug.27, 2013). The ALJ's findings at earlier steps in the sequential analysis do not undermine her RFC determination. *See Pinkard v. Commissioner of Social Security Administration*, No. 1:13–cv–1339, 2014 WL 3389206, at *10 (N.D.Ohio July 9, 2014) (making a similar analysis). Therefore, the ALJ did not err in her step four analysis.

Moreover, in this case the ALJ appears to have incorporated her findings at step three into the RFC, stating:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in

> paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p). *Therefore, the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.*

(A.R. 42) (emphasis added). Accordingly, plaintiff's claim of error regarding the ALJ's procedure for determining the RFC will be denied.

> 2. *The ALJ Did not Err In Assigning Dr. Grzesak's April 8, 2010 Opinion "Little Weight."*

On April 8, 2010, Dr. Joanne Grzesak completed a form regarding plaintiff's physical limitations. (A.R. 781-82). Dr. Grzesak concluded that plaintiff was far more limited than the ALJ recognized in her RFC determination. Specifically, Dr. Grzesak reported that during an 8-hour workday, plaintiff could only occasionally (up to 1/3 of the day) carry five pounds; that she could stand or walk for half the day, and could sit for a total of 1-2 hours of the day. Dr. Grzesak further opined that plaintiff can never climb, balance, stoop, crouch, kneel, or crawl. (A.R. 781), and that her impairments would slow her ability to reach, handle, feel, push, and pull. (A.R. 782). The doctor further stated that plaintiff would generally have a poor ability to adjust personally and socially to a job, and that her impairments would cause her to be absent from work more than three times a month. (A.R. 782). The ALJ afforded "little weight" to this opinion,[2] concluding that it differed from an evaluation by Dr. Fitzgerald, and there was no indication that plaintiff's condition had worsened since that evaluation. The ALJ further stated:

> It is also noted that as a whole, Dr. Grzesak's treatment notes contain very little clinical findings. While they note lab values, medications and the claimant's complaints, they do not accurately portray the claimant's objective

---

[2]When the Appeals Council remanded the case, it ordered the ALJ to consider this opinion of Dr. Grzesak. (A.R. 50, 196).

8

>findings as they relate to the claimant's impairments. However, other records in the file, including the lengthy assessments provided by Drs. Hyatt, Klafeta, and Spencer, as well as the recent clinical findings noted in the records obtained from the Javery Pain clinic, detail physical findings, including a normal gait, full sensation, and a normal mood and affect, which are much more consistent with the residual functional capacity set forth above (See, e.g., Exhibits B2F; B4F; B5F; B31F).

(A.R. 50). Plaintiff argues that she is entitled to relief on the ground that the ALJ failed to give appropriate weight to the opinion in question.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (*citing Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (*quoting Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Gayheart*, 710 F.3d at 376-77. After its review, the Court concludes the ALJ did not err in her analysis.

The medical evidence reveals that while plaintiff has severe impairments, such do not limit her to the extent alleged by Dr. Grzesak. A November 21, 2006 evaluation of plaintiff revealed that plaintiff's "perception of her capacity is lower than what she can actually perform." (A.R. 551). Her "ability to follow instructions was 4.5/5, concentration 4/5, maintaining motivation 3/5, communication 4/5, frustration control 4-/5, ability to conceptualize the problem 4+/5, ability to work alone, 4.5/5." (A.R. 551). Plaintiff had normal balance, was able to crouch and squat, kneel for a period of fifteen seconds, and climb and descend four floors and fifteen steps without a break. (A.R. 565). Dr. Grzesak's treatment notes show that when plaintiff takes her medication, it helps with her back pain and headaches. (A.R. 779). Other examinations revealed plaintiff had a normal stance and gait. (A.R. 617). A February 28, 2007 MRI revealed degenerative changes, but no focal disc protrusion, canal stenosis or nerve root compression. (A.R. 716). Accordingly, substantial

evidence supports the ALJ's determination.

Nevertheless, plaintiff argues that the ALJ's analysis is contrary to relevant Social Security regulations because "only an outright contradiction satisfies the inconsistency requirement" of 20 C.F.R. § 404.1527(d)(2). (Dkt. #13, PageID 1004). Plaintiff asserts that the ALJ was required to afford controlling weight to the doctor's opinion because the record was not inconsistent with Dr. Grzesak's opinion, rather the record merely failed to corroborate the opinion.

Plaintiff's argument is unpersuasive for several reasons. First, the Social Security regulations indicate that lack of corroboration is an appropriate consideration when evaluating a treating source's opinion. *See* 20 C.F.R. § 404.1527(d)(3)-(d)(4). Second, Plaintiff's argument ignores the portion of the regulation she cites that requires a treating source's opinion to be "well-supported." 20 C.F.R. § 404.1527(d)(2). Employing plaintiff's logic, an ALJ is required to afford controlling weight to a treating source's opinion, even if such enjoys absolutely no support in the medical record, so long as the record does not contain anything which directly and expressly contradicts such. Plaintiff has identified no authority that supports such an unreasonable position. Finally, plaintiff's argument is contrary to the Sixth Circuit authority cited above which provides that an ALJ can reject a treating source's opinion where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence.

The ALJ's rationale for discounting Dr. Grzesak s opinion enjoys overwhelming support in the record. In sum, the ALJ articulated good reasons, supported by substantial evidence, for affording less than controlling weight to Dr. Grzesak's opinion.

> 3. *The ALJ did not Err in Discounting Plaintiff's Credibility.*

At the administrative hearing, plaintiff testified that she was impaired to a far greater

11

extent than that recognized by the ALJ. She stated she could only stand for ten to fifteen minutes with something to lean against (A.R. 85) and could only sleep for half an hour at a time. (A.R. 86-87). Plaintiff argues that she is entitled to relief because the ALJ improperly rejected her subjective allegations.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, may be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir.1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002). As the relevant Social Security regulations make clear, however, a claimant's "statements about [her] pain or other symptoms will not alone establish that [she is] disabled." 20 C.F.R. § 404.1529(a); *see also, Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir.1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (*citing Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir.1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the

ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also Heston*, 245 F.3d at 536. ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Parley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir.1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

In assessing plaintiff's credibility, the ALJ discussed at length the evidence of record. (A.R. 48-49) and found it to be inconsistent with plaintiff's subjective allegations. The record consistently demonstrates that plaintiff is capable of performing much more than she states she is and demonstrates that plaintiff is inconsistent in her reports of what she is capable of. On plaintiff's function report, for example, plaintiff stated she did not care for a spouse, children, or grandchildren. (A.R. 112). She relied on her kids for things such as shopping. (A.R. 414). However plaintiff later stated that her husband and children are not independent and are unable to do things for themselves, implying that it is she who cares for them.(A.R. 791-92). This latter point is bolstered by her

13

admission that she drives and shops at least twice a week at Meijer. (A.R. 69). Treatment records from Arbor Circle Counseling services demonstrate that when plaintiff reduced her alcohol intake, attended therapy, and took her medication, her sleep was "pretty good." (A.R. 934). The ALJ also noted that plaintiff was able to work after her injury, and only left after the employer was no longer able to accommodate her. (A.R. 637). "In evaluating a claimant's credibility, an ALJ may properly consider that the claimant left work for reasons other than his alleged impairment." *Chance v. Colvin*, No. 1:14-CV-165, 2015 WL 3440863, at *6 (E.D. Tenn. May 28, 2015) (collecting cases). At bottom, the ALJ did not err in discounting plaintiff's credibility and accordingly, plaintiff's claim is denied.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED**. A separate judgment shall issue.

                                              /s/Robert J. Jonker
                                                 Robert J. Jonker
                                      Chief United States District Judge

Dated: November 5, 2015